UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN ORLANDO MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>FRED FOULK, et al.,<br><br>Defendants. | No. 2:16-cv-1929-GEB-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A(a), the court screened his initial complaint (ECF No. 1) and found service appropriate for defendants Gabel, Johnson, Rainey, and Ray. ECF No. 10. The court afforded plaintiff an opportunity to amend his complaint, however, in order to determine whether he could state viable claims against the dismissed defendants – Warden Foulk and CDCR Director Stainer. *Id.* Plaintiff chose to file an amended complaint, which is now before the court for screening. ECF No. 14.

Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

Like the original complaint, plaintiff claims that on November 25, 2015, defendants Gabel, Johnson, Rainey, and Ray violated his constitutional rights at High Desert State Prison. First, he claims that Gabel and Johnson refused to allow him to take a walker to a medical appointment. ECF No. 14 at 14.[1] Plaintiff purportedly told them that the walker had been prescribed to him and that he could not walk without it. *Id.* Gabel allegedly told plaintiff, "You can fucking crawl for all I care . . . ." *Id.* When plaintiff requested a wheelchair instead, Gabel allegedly responded, "You're not getting a walker or a wheelchair, and if you don't like it, oh well. It ain't like you're a 'Susanville white-boy' and deserve that shit. So you got nothin' coming." *Id.* at 15. Rainey then allegedly warned plaintiff that "no one likes when you file a 602 on them." *Id.* And Gabel allegedly added, "this will teach these Blacks to think about 602s won't it?," and all three correctional officers began laughing, threatening violence, and using racial slurs. *Id.* at 16. Plaintiff claims he feared for his life, knowing that he could not walk if attacked and would only be able to roll into a ball if they began to beat him. *Id.* at 15. Plaintiff also believed that the correctional officers had "premeditated to commit a crime against [him]," as they had made various comments about the whereabouts of defendant Ray, a licensed vocational nurse, stating that the encounter with plaintiff was Ray's "party" and that Ray would not want "to miss this party." *Id.* The three correctional officers then agreed that plaintiff was refusing his medical appointment, ordered plaintiff to return to his cell, and threatened to pound plaintiff's head in if he said another word. *Id.* at 16.

On a later date, when plaintiff was preparing to transfer from High Desert to Lancaster State Prison, Ray allegedly bragged to plaintiff that the encounter on November 25, 2015 was in fact, "his party." *Id.* at 17. Ray also warned that he would make sure plaintiff got what he had coming, due to plaintiff's filing of an administrative appeal and participation in the Prison Law Office's investigation into High Desert. *Id.* When Ray cleared plaintiff for travel, he allegedly told the transport officers, "He likes to smuggle pills so make sure you check all his property."

/////

---

[1] This and subsequent page number citations to plaintiff's complaint are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

*Id.* As a result, plaintiff's property was purportedly torn apart, he was strapped down so tight he could not move, and he was denied water for the entire 15-hour trip to Lancaster. *Id.*

Plaintiff claims defendants violated his rights under the First, Eighth, and Fourteenth Amendments, as well as "state laws" and the Americans with Disabilities Act. *Id.* at 5, 20, 22. For purposes of § 1915A screening, the above allegations support claims of Eighth Amendment deliberate indifference to medical needs, First Amendment retaliation, and Fourteenth Amendment denial of equal protection against defendants Gabel, Johnson, Ray, and Rainey.

The complaint's inclusion of various state law claims, *see* ECF No. 14 at 22, however, is wholly conclusory. Those claims are dismissed with leave to amend.[2]

Further, for the reasons stated in the court's initial screening order, the allegations remain inadequate to demonstrate a violation of plaintiff's rights under Title II of the Americans with Disabilities Act, *see* ECF No. 10 at 3; ECF No. 14 at 20, and any claim based on a violation of the "*Armstrong* Remedial Plan" is not cognizable in this action.[3] If plaintiff wishes to pursue such a claim, he "must pursue his request via the consent decree or through class counsel." *Crayton v. Terhune*, No. C 98-4386 CRB(PR), 2002 U.S. Dist. LEXIS 17568, at *11 (N.D. Cal. Sept. 17, 2002).

In addition to damages, plaintiff seeks injunctive relief in the form of an order transferring him from Lancaster to Mule Creek State Prison and ceasing the "continuing pattern of retaliation of physical abuse and threats of violence toward plaintiff since arriving [at Lancaster]." *Id.* at 23-24. It is well settled that a claim for injunctive relief must relate to the underlying subject matter of the action in which it is filed. *See e.g., Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th

---

[2] Plaintiff is hereby informed that to properly allege a state tort law claim he must plead compliance with the California Torts Claims Act. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

[3] The *Armstrong* Remedial Plan refers to a remedial order issued in *Armstrong v. Davis*, No. CV 94-2307-CW (N.D. Cal.), to enjoin practices that discriminated against disabled inmates in California prisons. *See Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001).

Cir. 1997). Here, the requested injunctive relief is based on alleged violations of plaintiff's constitutional rights at Lancaster State Prison, and would not redress the wrongs allegedly committed by defendants Gabel, Johnson, Ray, and Rainey at High Desert. Because plaintiff's request for injunctive relief necessarily relates to his conditions of confinement at Lancaster and not High Desert, it must be denied without prejudice to pursuing in a separate action. Indeed, plaintiff notes that he has filed a separate lawsuit concerning the alleged violations of his rights since arriving at Lancaster. ECF No. 14 at 23.

The amended complaint also attempts to cure the defects in the initial claims raised against defendants Foulk and Stainer. The court previously informed plaintiff as follows:

> [P]laintiff appears to have named defendants Warden Foulk and CDCR Director Stainer simply because of their roles as supervisors. The complaint fails to state a claim against either defendant because it does not show how either one, through his own individual actions, has violated plaintiff's rights. Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679. Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* The claims against defendants Foulk and Stainer are therefore dismissed with leave to amend.

ECF No. 10 at 3. The amended complaint comes no closer to showing how either Foulk or Stainer were personally involved in the November 15, 2015 encounter or the later encounter with Ray when plaintiff was transported to Lancaster. *See King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987) ("State officials are not subject to suit under section 1983 unless they play an affirmative part in the alleged deprivation of constitutional rights."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir, 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant."). Instead, plaintiff alleges generally that they knew or should have known that others would inflict injury upon plaintiff because he had previously reported to them that he had been denied medical care and because it was generally known that white inmates were given preferential medical treatment. *See, e.g.*, ECF No. 14 at ¶¶ 10, 11, 13, 19, and p. 18. These generalized and speculative assertions fail to

show that either defendant participated in or directed the specific violations alleged here, or knowingly failed to prevent them. Accordingly, the claims against defendant supervisors Foulk and Stainer should be dismissed. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisor may be liable for constitutional violations of subordinates if he participated in or directed the violations, or knew of the violations and failed to prevent them). And because the allegations are substantially similar to those in the original complaint but no closer to stating a cognizable claim, the court recommends that they be dismissed without leave to amend. *Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Accordingly, IT IS HEREBY ORDERED that:

1. The allegations in the pleading are sufficient to state Eighth Amendment deliberate indifference to medical needs, First Amendment retaliation, and Fourteenth Amendment equal protection claims against defendants Gabel, Johnson, Rainey, and Ray. Plaintiff's state law claims are dismissed with leave to amend.
2. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet and one copy of the May 30, 2017 amended complaint.
3. Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 forms and five copies of the endorsed May 30, 2017 amended complaint.
4. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs. Failure to comply with this order may result in a recommendation that this action be dismissed.

/////
/////
/////
/////

Further, IT IS HEREBY RECOMMENDED that plaintiff's claim for injunctive relief be denied, that the ADA/*Armstrong* claims be dismissed without leave to amend, and that defendants Stainer and Foulk be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 12, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN ORLANDO MARTIN,<br><br>        Plaintiff,<br><br>   v.<br><br>FRED FOULK, et al.,<br><br>        Defendants. | No. 2:16-cv-1929-JAM-EFB P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

Plaintiff hereby submits the following documents in compliance with the court's Screening Order:

      __1__     completed summons form

      __4__     completed forms USM-285

      __5__     copies of the endorsed May 30, 2017 amended complaint

                                                        _____

                                                                  Plaintiff

Dated: