UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN ORLANDO MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>FRED FOULK, et al.,<br><br>Defendants. | No. 2:16-cv-1929-KJM-EFB P<br><br><br>ORDER |

On May 30, 2018, the court granted defendants' Motion to Modify the Scheduling Order and Stay Discovery pending the outcome of a settlement conference set for July 5, 2018. ECF No. 36. The settlement conference did not result in a settlement. Accordingly, the court must set a new discovery deadline and dispositive motion deadline.

It is HEREBY ORDERED that:

1. The parties may conduct discovery until November 16, 2018. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than September 14, 2018.

2. If plaintiff seeks leave to amend the complaint, he must file any motion to amend no later than September 14, 2018.[1]

---

[1] Any motion to amend must be accompanied by a proposed amended complaint that is rewritten or retyped so that it is complete in itself without reference to any earlier filed complaint.

1

1       3.  Dispositive motions shall be filed on or before February 15, 2019.  Motions shall be briefed in accordance paragraph 8 of the order filed November 29, 2017 and L.R. 230(l).  Failure to timely file an opposition or statement of no opposition to such a motion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions.  L.R. 230(l).

      4.  The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed.  Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

DATED: July 10, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

2